Good morning. May it please the Court, my name is Peggy Sue Juergens and I represent the appellate Mr. Keffler. And I don't need to reserve time for rebuttal here this morning. Since the facts are set forth in my brief in detail, I'll go directly to the issue that the Court directed us to here about the child vulnerability, and with the Court's permission, submit the other issue on the brief. It's Mr. Keffler's position that the Vulnerable Victim Guideline 3A1.1 does not apply here. The Court here committed the double counting by assessing this two-level increase. Let me ask you two questions about that. Yes, Your Honor. One thing that occurred to me that the judge alluded to, either with Keffler or with the Wrights, I can't remember. They're all the same case, basically. He mentioned the parents giving the children to Keffler. And it struck me a child is much more vulnerable if the parent gives the child to the perpetrator, just as it's a whole lot easier for a doctor to examine a child. If the parent gives the child to the doctor and tells the child, calm down, let him examine you. Your Honor, that is in our case here, where there were the four factors that the Court looked at, and one of them was the fact that it had been given to Mr. Keffler by the parents. Why won't that do? Your Honor, I believe that those four factors that the district court announced, which one of those is one of the factors here, is another semblance of the fact that it's the age, extremely young age of the victim here. I'm sorry, I missed a couple of words in your answer. That it's the age of the victim here, they're handed over, and we also have the other... No, no, a kid could be seized at a playground and not handed over at the same age. Well, and also I think in response, Your Honor, there was also the other specific offense characteristic in our case, where the fact of the relationship between Mr. Keffler and the children was also taken into consideration with a specific offense level, and he was credited with a bump up there as well. So I believe if you landed it on that factor specifically and only, you would run into the same double-counting issue that you have under the relationship part of the 2G2.1 offense level. Let me ask you directly about age. As I recall the guideline, it's the age is under 12. That's correct, Your Honor. And I'm wondering whether even though ordinarily age is taken into account if it's under 12, so with a 9-year-old, say, you can't, the judge can't add for vulnerable victim. I believe... What about a 3-year-old or a 2-year-old or a 1-year-old? I believe that's a very good question, Your Honor, and that's what we're here trying to discuss today is that I think if you go into talking about degrees of age, I don't think we can do that here. We have specifically in this case the guideline in the note that's taken as the law here has said the age has been considered. The guidelines talk about from age 14 to 16 and then from 12 to 14 and then under 12 is what we're talking about here. We can't talk about the degree of that factor. I believe if we did that, every time a sentence became before a sentencing court, if you have a vulnerable victim factor and you've got the court saying, well, maybe the physical condition that makes them vulnerable isn't really taken into consideration. The following hypothetical, let's suppose that the victims here were 10-year-old boys and that because of the onset of puberty, one of the boys was 6 feet tall and the other boy was of much shorter stature, say 4 feet tall. There's a wide discrepancy. So the 6-foot boy would be in a position to perhaps resist or be more developed and the other boy not, because they just matured at markedly different rates. Are you saying that under the analysis you just gave us that it would make no difference that one was much more susceptible than the other? Your Honor, I think the way the court could divvy it up then if they wanted to look at the size, you could talk about the physical size of those boys. But you had to find another factor besides age in order to talk about the vulnerability. That's what I believe the Ninth Circuit... Well, I believe in the example that you gave, that would be true. Now, what happens when you scale it down to infants where they are so small that they have no capability of resisting? They have no appreciation of anything that's going on. Why are those not extraneous to age in the same sense that your prior answer is? Well, Your Honor, I believe here that we're talking about that we've already got a division of the age under the 12. I'm answering your question here. But we have a division of the age in my hypothetical. They're both under 13. Right. So could they still be vulnerable victims because of the disparity of size? As far as I understood, you'd say, yes, they could be. That would be not age-related. So now we have infants. And the mere fact that an infant, given the characteristics of immobility, all of that, one could argue it's related to age because they're infants. But in fact, their size, their stature, whatever, much like the 10-year-old in my hypothetical, is unrelated to age. And therefore, they're vulnerable and it's not age-related. In the sense of the guidance. Right. And, Your Honor, it was our position that the way that the size that we talked about, the Court talked about it in this case, that it was related to age. But I understand your distinction here. How is it related to age any more than my hypothetical short 10-year-old? I don't believe it is any different, Your Honor. Are you saying that the Court, in the sentencing, already took into consideration the fact that these were infants as opposed to just being below 12, that that was already counted? You said it would be double-counting either way, whether you counted it by age. Oh, Your Honor, what I was speaking about there is if you talk about the idea that they were given to Mr. Keffler, and it was talking about that relationship of him being the guardian or the caretaker or whatever, the children. And that had already been taken into consideration under the other specific offense level, under the offense guidelines. It talks about relationships. And there's already been an upward adjustment based on the fact that he was the caretaker for them. And that's the part that I was saying would be double-counting if you went to the relationship. Well, what about the inability to defend oneself that Judge Fischer was talking about? That's already taken into consideration because of age? Well, Your Honor, I think that's the crux here is you're trying to say is who are we to say? I don't think we are the ones that know whether a 10-year-old or 11-year-old or a 2-year-old is less able to walk away from the sexual abuse. They can't walk. I think you're right about that, but what about the 4-year-old toddler in this case? I think we're on dangerous ground here when we start divvying up the degrees that we're talking about here about the vulnerability. And I don't think that I think it's been stated. Most of us have some experience with little kids. I could catch my kids when I was 4. By the time they were 10, I couldn't catch them. They change in predictable ways, and they really do differ at those ages. Well, in terms of the ability to walk away, you're correct about that, Your Honor. But I think if you're talking about other issues here, what is it that makes them vulnerable? I mean, that's the question here. Is it about the psychological harm potentially? How do we know? Or is it the fact they can't walk away? And they say one to three. I mean, isn't the science that in the first three years of life, your patterns are most predominantly set? I mean, when you're talking about an 11-month-old, I don't see the line-drawing problem. Now, when you move up the age range, maybe so. But do the guidelines not require district judges to make certain fine-tunings and applications? I think if it were done, but with an eye to this is not based on the fact of their age. Because, again, I think we've got the ---- It's the onset of puberty or the growth hormones that are triggered by age. And if you over-read the guidelines, anything having to do with the child that distinguishes between them can be said to be age-related. And that just seems over-broad. Well, our distinction was that these four things that the Court looked at were age-related. No, I wonder if there are two different things here. There's age itself. Excuse me? I wonder if there are two different things. There's age itself, and the fact that somebody is sexually abusing a victim under 11 is fully taken account of by the guidelines, whether the victim is 10 or 3. And then there are things that are not age itself, but that tend to correlate with age, though imperfectly, like ability to flee, ability to defend oneself, ability to resist, ability to make it difficult. And they're not age. They're just things that tend imperfectly to correlate with age. I wonder if anything that tends imperfectly to correlate with age but is not age itself can be a vulnerable victim factor. I was thinking about Judge Fisher's hypo. Well, right, and I understand exactly where you're headed, Your Honor. Right. I think, again, I don't know, I don't mean to keep, I just sort of keep going back to thinking that if the children of this age needed to be considered under the defense guideline, they have spoken and decided what those categories should be, and it would be wrong to categorically start divvying up the under 12 age here. Unless we consider the facts so horrendous that they're outside the heartline. Except, Your Honor, I'm not sure that's the legal analysis here, since it's not a departure issue. I think that, with all due respect, I think that possibly. I don't think that analogy will work. Right, right. I mean, it's not a departure. Here, this to me is quite similar. Right, although in terms of the legal analysis, I think we've got a statute here that says we can't do this, and that it's been done, and he's already been punished with that four-level bump to the offense level of 27. And the whole point of that application note under the vulnerable victim is to say don't double punish them for this. And I think that's exactly what we've got happening here. Thank you very much. Thank you, counsel. May it please the Court and counsel, my name is Catherine Worma. I'm an assistant United States attorney and represented the United States in this case. Your Honors, I believe that you've anticipated several points that I was going to raise in my discussion, and I will proceed to address those as you wish or answer questions. Well, I think the problem is, is the application note does create, because of its language, this problem where it says do not apply subsection B if the factor makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age. Well, as we've been having this discussion, as Judge Klinefeld picked up on, is related to, different from, correlated with? If you could help us explore that, that would be useful. I would, Your Honor, and I would like to preface my response to that with an emphasis on the point, as Your Honors raised early on, there was one factor mentioned by Judge Zille in this case as a basis for the vulnerable victim adjustment, which entirely is separate from age and not determined by age. And that is the fact that these children were passed between adults who were abusing them, and if the sine qua non of the vulnerable victim adjustment is, are there factors that render the victim particularly susceptible to the criminal conduct at issue? The answer is yes. Passing a child from one adult who has sexually abused him or her to another adult with that child having no indication that the first sexual abuse is wrong or offensive  And I would say in Kepler's case, we don't even have to reach the more subtle questions that we've been discussing with Appellant's counsel because of the making available. That's correct, Your Honor. I would suggest that's true in both cases. These children were passed around. The adults mutually assaulted them and took pictures of them, and the child was sexually abused. And that's true in both cases. But how does that, okay, counsel argues that's already taken into account in the relationship. And by the passing around, help me on this, focuses on the conduct of the perpetrator. The vulnerable victim focuses on the status of the victim. So can you draw that distinction and explain why it hasn't been, we wouldn't be double-counting with the relationship adjustment? Right, Your Honor. I think there is a case, there is a decision by this Court, the Williams decision, for example, it was a Mann Act case, and the Court referred to that particular circumstance as a basis for a vulnerable victim enhancement. The child victim had been previously raped on another occasion by another adult. And that's the same sort of situation I'm reinforcing here. These kids were raped by an adult or sexually assaulted by an adult. We're given no sense that that was wrong or inappropriate. And so when they are presented to another adult for another sexual assault, it is, they are more susceptible to that behavior, to that crime. You argue in your brief that the children had not developed a basic moral sense. But what age? And I think, Your Honor, that goes to then these other factors in relationship to are there other factors that exist that are predetermined by age or roughly correlate to age. I think that we can, we all must agree that children who are so very young, who have had no exposure to the social mores of the society in which we live, who have never had instruction on what is or is not appropriate behavior, who are sexually assaulted by their parents, turned over to another adult for sexual assault, have not even the ability to understand that this is wrong. Well, let's assume that we agree with you. But again, we're back to the problem of double counting. Yes, Your Honor. And that, and I think that goes to the discussion that Your Honor's had with counsel concerning whether these factors are independent of age or determined by age. And I appreciate that. But they haven't been accounted for. Right. And I would suggest they have not because given the hypothetical Your Honor raised with last counsel, if you have, you can have a 10-year-old child who is a large physical child. The guideline provides for an enhancement simply because of age. Why is that? Because there's a power relationship. There are certain aspects of that relationship between an adult and a child that the commission says we will assume that those warrant additional points. And there's the tiered system for doing that down to below age 12. But once you get below age 12, there could be other factors that exist with respect to a child who is 10 years old. You might have a child who is 10 years old who is cognitively impaired. And in fact, the 12-year-old victim in Archdale was cognitively impaired, so the court said that is a reason for the vulnerable victim adjustment in addition to the age adjustment. These children had the cognitive levels of what they were, infants. If you had a 10-year-old child who had a cognitive level of an infant, I believe that Your Honors would endorse the application, the vulnerable victim adjustment to that child. Similarly, if you had a 10-year-old child who was a paraplegic and was sexually assaulted. Ginsburg. I certainly agree with everything you're saying. My problem is, has this been accounted for already? And, Your Honor, respectfully, I do not believe it has. I believe that's because these are additional factors that do not need to exist in order to apply the age enhancement. These are additional. Why don't we just be on the age? There was an enhancement of so many points for outrageous conduct or something of that nature. With respect to the father, James, right? Yes. Yes, there was, Your Honor. Why wouldn't it be double-counting? Because I think that Judge Zille, who was the fact-finder in this case and who was aware of all the circumstances, saw the images involved, believed that with respect to that adult, the conduct that he engaged in, the images that Judge Zille saw of that conduct warranted the upward adjustment for outrageous, heinous, brutal conduct. So that he took into account the images. And in this case, the vulnerable victim deals with the passing around. The passing around, the small physical size of these children, their inability to resist, their inability to run, their inability to report it to any other adult. Children, even pre-verbal children who have the ability to draw may have a chance to express in a drawing, for example, to a teacher, to a daycare worker, the, you know, the anger, the fear that they're expressing. These children had no ability. They have no language skills. They have no physical ability to escape. So there are factors present, and that's, I suggest to you, what the vulnerable victim adjustment is all about. Are there factors present that render the victims particularly susceptible to the criminal conduct that aren't accounted for in other ways? Thank you. Thank you, counsel. Thank you. United States v. Keffler is submitted. We'll hear United States v. White. We thank both counsel for arguing, by the way. Thank you. When we split time between counsel, the first one always uses up all the time. Do you have any arrangement on your split? Your Honor, Mr. Omegarachuk, on behalf of James Wright v. Kellen, Mr. Elberts has agreed to allow me to argue the full amount. Thank you. That's probably right.
judges: D.W. Nelson, Kleinfeld, Fisher